**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**MARCI COLLINS, Individually and as Special Administrator for the Estate of MICHAEL COLLINS,**

**Plaintiff,**

**v.**

**R.J. REYNOLDS TOBACCO COMPANY and AMEREN ILLINOIS COMPANY,**

**Defendants.**

**Case No. 25-CV-02180-SPM**

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter is before the Court for the purpose of assessing whether the Court has subject matter jurisdiction. Having been fully informed of the issues presented, the Court concludes that it does not and accordingly **REMANDS** this matter back to the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois.

## BACKGROUND

The Plaintiff, Marci Collins, Individually and as Special Administrator for the Estate of Michael Collins, has filed two lawsuits against Defendant Ameren Illinois Company ("Ameren"). (Doc. 1, Exs. A, D). Plaintiff filed the initial lawsuit against numerous Defendants, including Ameren but not including Defendant R.J. Reynolds Tobacco Company ("R.J. Reynolds"), in August 2025, and filed the instant lawsuit against Ameren and R.J. Reynolds in October 2025. (*Id.*). In both lawsuits, Plaintiff

brought the same two claims against Ameren premised on the same underlying conduct. (*Id.*, Ex. A, pp. 5, 9, Ex. D, pp. 14, 19, Ex. F).

R.J. Reynolds removed the instant lawsuit to federal court, claiming that this Court has jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, and there is complete diversity between the properly joined parties. (*Id.*, pp. 2–4).

As R.J. Reynold acknowledges, there is not complete diversity between all the parties joined. (*Id.*, p. 3). The decedent, Michael Collins, was a citizen of Illinois, and Plaintiff Marci Collins is a citizen of Illinois. (Doc. 1, Ex. A, p. 3; Doc. 31). Defendant Ameren is an Illinois corporation headquartered in Illinois, and Defendant R.J. Reynolds is a North Carolina corporation headquartered in North Carolina. (Doc. 32, p. 2; Doc 33, p. 2). R.J. Reynolds argues that this Court nonetheless has subject matter jurisdiction because Ameren was fraudulently joined as a Defendant in the instant action to defeat diversity jurisdiction. (Docs. 1, 29).

## **ANALYSIS**

Generally, for this Court to have subject matter jurisdiction under 28 U.S.C. § 1332, there must be "'complete diversity' between the parties," meaning that "no party on the plaintiff's side of the suit shares citizenship with any party on the defendant's side." *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 636 (7th Cir. 2021) (citations omitted). The fraudulent joinder doctrine is a narrow exception. *See Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999).

Fraudulent joinder occurs where a state court plaintiff includes a non-diverse

defendant in a lawsuit to defeat federal diversity jurisdiction, thereby preventing an action from being removed to federal court. *Id.* If a removing defendant establishes fraudulent joinder, the district court may "disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse defendants, and thereby retain jurisdiction." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 763 (7th Cir. 2009).

"To establish fraudulent joinder, a removing defendant must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013). Put differently, the defendant has the "heavy burden" of showing that the plaintiff's claim has "no chance of success" against the non-diverse defendant. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). After resolving all issues of fact and law in favor of the plaintiff, if there is "any reasonable possibility" that the plaintiff may prevail against a defendant, the defendant is not fraudulently joined. *Schur*, 577 F.3d at 764. The defendant's burden is heavy, possibly even heavier than the burden with a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Id.*

Here, Plaintiff brought legitimate claims against Ameren that it had previously brought in another pending lawsuit. R.J. Reynolds argues that under Illinois law, a Court would be required to dismiss Ameren as a party from this lawsuit, and therefore Ameren was fraudulently joined. (Docs. 1, 29).

In Illinois state court, "even when the 'same cause' and 'same parties'

requirements are met, section 2—619(a)(3) does not mandate automatic dismissal. Rather, the decision to grant or deny defendant's section 2—619(a)(3) motion is discretionary with the trial court." *Kellerman v. MCI Telecommunications Corp.,* 493 N.E.2d 1045, 1053 (Ill. 1986) (citation omitted). A trial court judge should consider "comity; the prevention of multiplicity, vexation, and harassment; the likelihood of obtaining complete relief in the foreign jurisdiction; and the *res judicata* effect of a foreign judgment in the local forum," *id.*, but a trial judge is not required to dismiss a case even where the factors weigh in favor of dismissal, *see Kapoor v. Fujisawa Pharma. Co.*, Ltd., 699 N.E.2d 1095, 1099 (Ill. App. Ct. 1998). Because dismissal of Ameren in the instant case would be up to a judge's discretion under Illinois law, and "unique circumstances" could give a judge a reason not to dismiss, R.J. Reynolds has not met the "heavy burden" of showing that Plaintiff's claims against Ameren have "no chance of success." *Id.*; *Poulos*, 959 F.2d at 73. Accordingly, the Court finds that Ameren has not been fraudulently joined, and that this Court lacks subject-matter jurisdiction over this action.

## CONCLUSION

For the foregoing reasons, this Court **REMANDS** the entire action to the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, for lack of federal subject matter jurisdiction. Therefore, all pending Motions are **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED: August 18, 2026**

**STEPHEN P. McGLYNN**
**U.S. District Judge**